Okey, J.
The action is to compel the commissioners of Eranklin county to levy a tax “ for the purpose of building, grading, and graveling or maeademizing ” a road, commencing in the city of Columbus and intersecting a public road near the city. The road to be improved passes Green Lawn Cemetery, which is open to the burial of the citizens •of the county generally, under the rules of the cemetery .association, and the improved highway will accommodate a large portion of the citizens of the county in passing to and from the cemetery. The tax is provided for by an act passed in 1877, set forth in the statement of the case, but the commissioners decline to make the improvement, on ■several grounds, which we will now consider.
1. Because the act is “ vague aud indefinite in its terms.” Cases may be found in which statutes have been held void -on such ground; but, as decided in Cochran v. Loring, 17 Ohio, 409, “ though a law is imperfect in its details, it is not void, unless it is so imperfect as to render it impossible to execute it.” While the act of 1877 is not clear and definite in its provisions, we do not think it is void on that ground. Its meaning may be ascertained from its terms, construed in connection with other statutes. The act contains a mandatory direction to the commissioners to levy a special tax to improve a road. The amount of the tax is to be ascertained from the report of an engineer to be appointed by them. The tax is to be levied on all the taxable property of the county. Though called a special tax, *467 it is only special in the sense that it is for a single specified purpose. True, the act provides that the commissioners “ shall be governed by the laws now in force, so far as they may be applicable, relating to their duties in regard to free turnpike roads;” but that relates to the supervision and control which the commissioners exercise with respect to the construction and repair of such roads, and not to the mode of levying the tax. This is rendered certain by reference to other statutes. By an examination of the various acts then in force relating to turnpike roads which might ■come within the control of the county commissioners (see Rev. Stat., §§ 4753-4875), it will be seen that the mode of raising money for the purpose of constructing turnpike roads which might be free, was not uniform. The construction of such a road might be paid for by a tax levied on the taxable property of the county, or by what is known as the one-mile assessment, or by the two-mile assessment. In such condition of the law there is, of course, nothing in the ■statute under consideration which would support a local assessment, and this leaves no room to doubt that the tax is to be levied, as already stated, on the taxable property •of the county.
2. It is said that the act violates article 2, section 26 of the constitution, which provides that “ all laws of a general nature shall have a uniform operation throughout the state.” But this provision does not affect the power of the legislature to pass local laws where the acts are in their nature local. Cricket v. State, 18 Ohio St. 9 ; State v. The Judges, 21 Ohio St. 1; State v. Covington, 29 Ohio St. 102 ; McGill v. The State, 34 Ohio St. 228, 269. The act in question is not inhibited by that provision of the constitution.
3. The power of the legislature to pass a mandatory stat-. ute, requiring the commissioners to levy the tax and improve the road in question, is denied by the defendant. The only provision which the constitution contains with respect to the county commissioners is the following: “ The commissioners of counties, the trustees of townships, and *468 similar boards, shall have power of local taxation, as maybe prescribed by law.” Art. 10, § 7. Manifestly this is i«o limitation on the power of the general assembly; and the in quiry therefore is as to the extent of such power. That it is only legislative is conceded, but that is undeniably a very broad power and includes, generally, the right to direct, in invitwm, the construction and repair of public highways, and the levy of taxes to defray the necessary expenses thereof. That the power is liable to great abuse is denied by no one, but the responsibility, as well as the power, rests with the legislature. Many cases may be found which go further in support of this principle than we might be willing to go. People v. Flagg, 46 N. Y. 401; Philadelphia v. Field, 58 Penn. St. 320. See Lima v. McBride, 34 Ohio St. 338.
The decisions with respect to the statutes in which there has been an attempt to assess locally for a work of general public utility (Washington Avenue, 69 Penn. St. 352), or where it was sought to compel a city to erect fountains and purchase and embellish parks (Park Commissioners v. Detroit, 28 Mich. 228), and other cases of a kindred character, show that legislative power with respect to taxation is not unlimited. It is not our purpose to enter into an examination as to the extent of those limitations, but to say that this case does not fall within them. Indeed, a careful examination of the cases cited on behalf of the commissioners, will show that none of them are in opposition to the validity of this act.
The fact that the road is in part within the city in no way militates against the right to levy the tax (Wells v. Laughlin, Butman v. Fowler, 17 Ohio, 99, 101); nor are the commissioners exonerated from levying the tax now, on the ground that they failed to perform the duty in June, 1877, as required by the statute. State v. Harris, 17 Ohio St. 608.
We are satisfied that here was a duty specially enjoined by law on the county commissioners, which it was their duty to perform, but which they have failed to perform.

Peremptory writ awarded.